UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                    Case No.: 18-36351

    Dristin Holdings LLC,                                      Chapter 13


                      Debtor.
------------------------------------------------------------X


**AMENDEDAFFIRMATION IN SUPPORT OF UNITED STATES TRUSTEE'S
MOTION TO DISMISS OR CONVERT UNDER 11 U.S.C. § 1112(b)**


  TO:   THE HONORABLE CECELIA G. MORRIS,
          CHIEF UNITED STATES BANKRUPTCY JUDGE

        Jonathan Schwalb, Esq., an attorney duly admitted to practice law before this Court, hereby affirms the following under penalty of perjury:

        1.     I am an attorney with the law firm of Friedman Vartolo, LLP attorneys for Selene Finance LP as servicer for PROF 2013-S3 Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee (hereinafter "Secured Creditor") and am fully familiar with the facts and circumstances herein and submit this affirmation in support of the United States Trustee's Motion to Dismiss or Convert under 11 U.S.C. § 1112(b).

        **BACKGROUND**

        2.     Secured Creditor is the holder of a Note and Mortgage agreement executed by Angela Ferrante (the "Borrower") dated September 11, 2007 in the original principal amount of $452,700.00 securing the premises located at 3 Dristin Drive, Blooming Grove, NY 10990 (the "Collateral"). Copies of the Note and Mortgage are attached as Exhibit "A".

3. Dristin Holdings LLC (the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code on August 15, 2018 and listed the Collateral as its principal place of business.

4. Prior to the filing of the instant petition Secured Creditor had been pursuing its rights under the note and mortgage with respect to the Collateral in the Supreme Court of the State of New York County of Orange. A Judgement of Foreclosure and Sale was entered on January 2, 2018. A copy of the Judgment of Foreclosure and Sale is attached as Exhibit "B".

5. Unbeknownst to Secured Creditor the Debtor has apparently acquired the Collateral. The petition was executed by Menachim Flor, a party unknown to the Secured Creditor. The filing of the instant petition has effectively prevented Secured Creditor from completing the sale of the Collateral. Upon information provided by the Secured Creditor the loan remains due for the January 1, 2010 monthly mortgage payment.

**DISMISSAL IS WARRANTED**

6. The Debtor filed a bare bones "skeletal" petition. The deadline to file required schedules, summary of assets and liabilities, statement of financial affairs and Local Rule 1007-2 Affidavit was August 29, 2018. A review of the pacer case docket reveals that the debtor has failed to meet the required deadline. In fact, these documents have still not been filed to date.

7. Even if the Debtor had timely filed all required schedules and documents the case must still be dismissed as the Debtor is a limited liability company and is proceeding pro se. A corporation may only appear in Federal Court through counsel.

8. 11 U.S.C. § 1112(b) provides, in pertinent part, that the court shall convert a case to a case under chapter 7 or dismiss a case under this title, whichever is in the best interests of creditors and the estate for cause upon request of a party in interest and after notice and a hearing. Such a request was made by the United States Trustee with hearing scheduled for October 30, 2018.

9. There is certainly cause to convert or dismiss this case as the debtor has failed to file the required schedules and has failed to attend the meeting of creditors. Further, the debtor, a corporation, may not proceed pro se in Federal Court.

10. Secured Creditor supports the notion put forth by the United States Trustee that dismissal is warranted in this case. The debtor has failed to file any schedules thus making it exceedingly difficult to determine its assets and liabilities. The debtor appears disinterested in participating in the bankruptcy process. It can be inferred that this disinterest would prevent any progress for a potential chapter 7 trustee to distribute any assets for creditors. In fact, Secured Creditor appears to be the sole creditor of the debtor.

11. It would be in Secured Creditors best interests for this Honorable Court to issue an Order dismissing the case. This will allow Secured Creditor to continue pursuing its State Court rights and complete a foreclosure of the collateral.

**WHEREFORE,** Secured Creditor respectfully requests that this Court enter an order dismissing the case and granted such other relief as is just and proper.

Dated: October 23, 2018
Garden City, New York

Respectfully submitted,

By: /s/ Jonathan Schwalb
    Jonathan Schwalb, Esq.
    Friedman Vartolo, LLP
    1325 Franklin Avenue, Suite230
    Garden City, New York 11530
    (T) 212.471.5100
    (F) 212.471.5150